**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

October 9, 2015

LETTER TO COUNSEL

RE:   *Leona Helen Anderson v. Commissioner, Social Security Administration*;
Civil No. SAG-15-43

Dear Counsel:

On January 7, 2015, Plaintiff Leona Helen Anderson petitioned this Court to review the Social Security Administration's final decision to deny her claim for Disability Insurance Benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment, and Ms. Anderson's reply. (ECF Nos. 15, 18, 19). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both parties' motions, reverse the Commissioner's judgment, and remand the case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Ms. Anderson filed a claim for benefits in 2011, alleging a disability onset date of January 1, 2006. (Tr. 156-64). Her claim was denied initially and on reconsideration. (Tr. 86-89, 91-97). A hearing was held on August 8, 2013, before an Administrative Law Judge ("ALJ"). (Tr. 34-73). Following the hearing, the ALJ determined that Ms. Anderson was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 15-33). The Appeals Council denied Ms. Anderson's request for review. (Tr. 1-6). Thus, the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Ms. Anderson suffered from the severe impairments of residuals of left shoulder injury requiring surgery, residuals of left elbow injury, right knee disorder requiring multiple surgeries and headaches. (Tr. 20). Despite these impairments, the ALJ determined that Ms. Anderson retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except the claimant is further limited to lifting and carrying five pounds with the right upper extremity; stand with the ability to sit two times an hour in place for a brief period of time; she can understand, remember and carry out simple instructions; no overhead reaching with the left upper extremity; reaching, handling and fingering can be frequent at times with the left hand assisting only; only occasional squat, crouch, crawl kneel or stoop.

*Anderson v. Commissioner, Social Security Administration*
Civil No. SAG-15-43
October 9, 2015
Page 2

(Tr. 22). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Anderson could perform jobs existing in significant numbers in the national economy and that, therefore, she was not disabled. (Tr. 27-28).

On appeal, Ms. Anderson raised three arguments: (1) that the ALJ's step five analysis is not supported by substantial evidence because the hypothetical presented to the VE did not match the RFC assessment; (2) that the ALJ failed to incorporate all of the limitations addressed in an opinion to which he assigned "significant weight;" and (3) that the ALJ's analysis did not comport with *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). Upon review of Ms. Anderson's case, I agree with two of her three arguments, and remand is therefore warranted. In so holding, I express no opinion as to whether the ALJ's ultimate determination that Ms. Anderson was not entitled to benefits was correct or incorrect.

Beginning with the unsuccessful argument, there is simply no requirement that an ALJ adopt every finding in any particular medical opinion, even where that opinion is assigned "significant weight." Thus, the ALJ need not have adopted Dr. Beatie's conclusion that Ms. Anderson had no use of her left arm. Moreover, the ALJ provided evidence refuting Dr. Beatie's conclusion, particularly the fact that Ms. Anderson could "drive, button buttons, tie her shoes, use a cellphone and send text messages." (Tr. 22, 25). Accordingly, I find no error in the ALJ's failure to incorporate the restriction prohibiting any use of the left arm.

I concur, however, with Ms. Anderson's other two arguments. First, the question posed to the VE referred to "five-pound weight limitation on lift/carry with the non-dominant upper extremity . . . no overhead reaching with the non-dominant upper extremity . . . the reaching, handling, and fingering can be frequent with the left hand assist only." (Tr. 59). In response, the VE testified that Ms. Anderson could perform the jobs of office helper, information clerk, and unarmed security guard. (Tr. 63). However, in the RFC assessment, the ALJ wrote that Ms. Anderson "is further limited to lifting and carrying five pounds with the right upper extremity. . . no overhead reaching with the left upper extremity; reaching, handling and fingering can be frequent at times with the left hand assisting only." (Tr. 22). Essentially, then, the question posed to the VE suggested that Ms. Anderson had limitations on her left side only, with unfettered use of the right upper extremity, while the RFC assessment found a lifting and carrying limitation on the right side in addition to reaching, handling, and fingering restrictions on the left side.

The Commissioner posits that the error is simply one of transcription in the ALJ's opinion and that there is no suggestion of any right side limitation. Comm. Mot. 8-9. However, one of the medical sources, Dr. Beatie, recommended "no lifting greater than five pounds with the right upper extremity." (Tr. 238). The Commissioner suggests that this recommendation, too, was a mistake, in that Dr. Beatie meant to attribute the restriction to the left side. Comm. Mot. 11. Accepting the Commissioner's position requires two levels of speculation about mistakes that may have been made by the ALJ and by a physician, which is two levels too many.

*Anderson v. Commissioner, Social Security Administration*
Civil No. SAG-15-43
October 9, 2015
Page 3

In light of the inconsistency between the hypothetical and the RFC assessment, remand is warranted to allow the ALJ to correct, or explain, the divergent positions.

Moreover, remand is also appropriate due to a violation of *Mascio*. In *Mascio*, the United States Court of Appeals for the Fourth Circuit determined that remand was appropriate for three distinct reasons, including, as pertinent to this case, the inadequacy of the ALJ's evaluation of "moderate difficulties" in concentration, persistence, or pace. *Id.* at 638. At step three of the sequential evaluation, the ALJ determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Listings 12.00 *et. seq.*, pertain to mental impairments. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00. Each listing therein[1] consists of: (1) a brief statement describing its subject disorder; (2) "paragraph A criteria," which consists of a set of medical findings; and (3) "paragraph B criteria," which consists of a set of impairment-related functional limitations. *Id.* § 12.00(A). If both the paragraph A criteria and the paragraph B criteria are satisfied, the ALJ will determine that the claimant meets the listed impairment. *Id.*

Paragraph B consists of four broad functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. The ALJ employs the "special technique" to rate a claimant's degree of limitation in each area, based on the extent to which the claimant's impairment "interferes with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. § 404.1520a(c)(2). The ALJ uses a five-point scale to rate a claimant's degree of limitation in the first three areas: none, mild, moderate, marked, or extreme. *Id.* §§ 404.1520a(c)(4), 416.920(a)(c)(4). In order to satisfy paragraph B, a claimant must exhibit either "marked" limitations in two of the first three areas, or "marked" limitation in one of the first three areas with repeated episodes of decompensation. *See, e.g.*, 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.02. Marked limitations "may arise when several activities or functions are impaired, or even when only one is impaired, as long as the degree of limitation is such as to interfere seriously with [the claimant's] ability to function." *Id.* § 12.00(C).

The functional area of "concentration, persistence, or pace refers to the ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings." *Id.* § 12.00(C)(3). Social Security regulations do not define marked limitations in concentration, persistence, or pace "by a specific number of tasks that [a claimant is] unable to complete." *Id.* The regulations, however, offer little guidance on the meaning of "moderate" limitations in the area of concentration, persistence, or pace.

In this case, the ALJ conclusorily asserted that Ms. Anderson suffered "mild restriction in activities of daily living, mild difficulties in maintaining social functioning, moderate difficulties in maintaining concentration, persistence or pace, and no episodes of decompensation, each of

---

[1] Listing 12.05, which pertains to intellectual disability, and Listing 12.09, which pertains to substance addiction disorders, do not follow this structure.

*Anderson v. Commissioner, Social Security Administration*
Civil No. SAG-15-43
October 9, 2015
Page 4

extended duration." (Tr. 21). In the following sentences, the ALJ cited to some record evidence about Ms. Anderson's physical and mental capabilities, without relating the evidence cited to any of the specific functional areas in question. However, with respect to concentration, persistence, or pace, the most likely evidence is, "The claimant reported experiencing difficulties concentrating due to persistent headache (Testimony). Nonetheless, a neurological examination showed the claimant was alert and oriented with normal recent and remote memory, attention span, concentration and fund of knowledge (Exhibit 9F). During testimony, the undersigned observed the claimant was [a] poor historian as to dates." (Tr. 21-22). After concluding that the evidence established a moderate limitation in concentration, persistence, or pace, the ALJ imposed no specific concentration-related limitations in the RFC assessment, other than noting that Ms. Anderson "can understand, remember and carry out simple instructions." (Tr. 22).

The Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE—and the corresponding RFC assessment—did not include any mental limitations other than unskilled work,[2] despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. *Mascio*, 780 F.3d at 637–38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id.* at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id.*

Here, as in *Mascio*, the ALJ did not explain how the restriction of Ms. Anderson's RFC to "simple instructions" (which is analogous to unskilled work) accounts for the finding of "moderate difficulties" in concentration, persistence, or pace. In fact, there is almost nothing in the ALJ's step three explanation to suggest why the ALJ found Ms. Anderson to have "moderate difficulties" in the first place, since the only adverse statements are (1) the allegation of persistent headaches and (2) the notation that she was a poor historian. Nothing about restricting Ms. Anderson to "simple instructions" appears to address those issues. Ultimately, then, the ALJ's analysis is simply insufficient to permit adequate review. Without further explanation, I am unable to ascertain whether the ALJ truly believed Ms. Anderson to have moderate difficulties in concentration, persistence, and pace, what the basis for that belief would be, and whether there is support in the medical evidence for the fact that any such difficulties did not require further limitations in her RFC assessment. In light of this inadequacy, I must remand the

---

[2] The hypothetical that the ALJ posed to the VE in *Mascio* did not actually limit the claimant to unskilled work, and thus did not match the ALJ's RFC assessment. However, the VE indicated that all of the jobs cited in response to the hypothetical involved "unskilled work" such that, in effect, the hypothetical matched the ALJ's RFC assessment.

*Anderson v. Commissioner, Social Security Administration*
Civil No. SAG-15-43
October 9, 2015
Page 5

case to the Commissioner for further analysis consistent with the Fourth Circuit's mandate in *Mascio*.

For the reasons set forth herein, Ms. Anderson's Motion for Summary Judgment (ECF No. 15) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 18) is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                                            Sincerely yours,

                                            /s/

                                            Stephanie A. Gallagher
                                            United States Magistrate Judge